# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY SALCIDO, | ) | NO. CV 14-8078-GW (AS) |
| Petitioner, | ) | |
| v. | ) | **ORDER ACCEPTING FINDINGS,** |
| | ) | **CONCLUSIONS AND RECOMMENDATIONS** |
| SECRETARY, CAL. DEPT. OF CORRECTIONS,, etc., | ) | **OF UNITED STATES MAGISTRATE JUDGE** |
| Respondent. | ) | |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the First Amended Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court has engaged in a de novo determination of the portions of the Report and Recommendation to which Objection were directed.

Petitioner's objection is directed to the statement in the Report and Recommendation that Petitioner failed to file a Reply to the Answer within the allotted time or request an extension of time to do so. According to Petitioner, he did file a Reply to the Answer on April 5,

1  2015 "alleging that the respondent's Answer must be vacated due to the
2  procedural error of late filing." However, the Court's records do not
3  reflect the receipt of any such Reply from Petitioner. Moreover, even if
4  an objection to Respondent's one-day late filing of the Answer had been
5  received, it would not have made any difference to the Magistrate
6  Judge's findings and recommendations because a habeas petition cannot be
7  granted by default. See Gordan v. Duran, 895 F.2d 610, 612 (9th Cir.
8  1989).

10  Respondent's objection is directed to the Magistrate Judge's
11 finding that Respondent had not adequately pled the existence of an
12 independent and adequate state procedural ground as an affirmative
13 defense to the inadequacy portion of Ground Two. Respondent correctly
14 points out that the Magistrate Judge incorrectly characterized the
15 inadequacy portion of Ground Two as an instructional error claim rather
16 than an answer to a jury question. Respondent maintains that under
17 California law, a defense counsel's express consent to a response to a
18 jury question ordinarily works a forfeiture, see People v. Rodrigues,
19 (1994) 8 Cal.4th 1060, 1193, and that Petitioner's claim regarding the
20 inadequacy portion of Ground Two is procedurally defaulted. However,
21 the Court need not address this argument since the Court retains the
22 discretion to deny claims on the merits even if the claims are alleged
23 to be procedurally defaulted. See Flournoy v. Small, 681 F.3d 1000,
24 1004 n.1 (9th Cir. 2012) ("While we ordinarily resolve the issue of
25 procedural bar prior to any consideration of the merits on habeas
26 review, we are not required to do so when a petition clearly fails on
27 the merits."); Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002)
28 ("[C]ourts are empowered to, and in some cases should, reach the merits

1  of habeas petitions if they are . . . clearly not meritorious despite an
2  asserted procedural bar."). Here, the Court concurs with the Magistrate
3  Judge's finding that Petitioner's claim regarding the inadequacy portion
4  of Ground Two was without merit.  Therefore, the Court accepts the
5  findings and conclusions of the Magistrate Judge in the Report and
6  Recommendation.

8      **IT IS ORDERED** that Judgment be entered denying and dismissing the
9  First Amended Petition with prejudice.

11     **IT IS FURTHER ORDERED** that the Clerk serve copies of this Order,
12 the Magistrate Judge's Report and Recommendation and the Judgment herein
13 on counsel for Petitioner and counsel for Respondent.

15     LET JUDGMENT BE ENTERED ACCORDINGLY.

17     DATED:  July 26, 2016.

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE